CALDWELL MCAFEE'S EXR. *v.* WILLIAM MCKINNEY ET AL.

Judicial Sales—Purchase by One for the Benefit of Another—Reimbursement—Right of Creditors.

Where land is sold at a judicial sale and purchased for the benefit of the execution debtor, he has no right to hold it against his creditors, after the purchaser has been reimbursed for money advanced on account of the purchase.

APPEAL FROM MERCER CIRCUIT COURT.

February 9, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

While it may be literally true, as stated, in the answer, that,

when Vanarsdale, for himself and Finnell, bought the land, there was no agreement to hold it for McKinney's benefit, there can be but little doubt that there was some such implied understanding; and both Vanarsdale and Finnell admit that, shortly afterwards, there was such agreement. As a consequence of that trust, Mc-Kinney has continued ever since to occupy and use the land and has made advancements for reimbursing the price paid by them. And these advances, by whomsoever made, should be charged to both Vanarsdale and Finnell as jointly interested.

Now, as Vanarsdale and Finnell consent to a sale of the land for the benefit of McKinney's creditors after reimbursing the amount paid by them, there can be no legal or equitable objection to such a decree. McKinney, under these circumstances, has no right to hold the land free from the claims of his creditors.

It seems to us, therefore, that the circuit court ought to have decreed the sale of the land as sought by the appellant and assented to by the only persons who could have a semblance of right to object to it. And that, as preparatory to the disposition of the proceeds, the master ought to have been required to ascertain and report how much has been, in any way, advanced by McKinney towards a redemption from the sale to Vanarsdale and Finnell.

And consequently the dismission of the appellant's petition was erroneous.

In estimating the amount yet due, if any, to Vanarsdale and Finnell they should be credited with legal interest, but no rent for the land.

Wherefore, the judgment is reversed and the cause remanded for such proceedings and decree as hereinbefore indicated, and with instructions to require the master, if desired by the appellant, to examine on oath Vanarsdale, McKinney and Finnell, or, if this cannot be conveniently done, to retake their depositions on full interrogatories so far as they or any of them may fail to appear before him. And also to take any other proof that the parties or either of them may offer, and make a full report of all the facts.

*C. A. Hardin,* for appellant.

*Thompson,* for appellee.